Thurman, C. J.
The plaintiff in error was convicted and sentenced, in the probate court of Belmont county, upon an information containing two counts; by the first of which he was charged as “ the keeper of a room where intoxicating spirituous liquors were sold in violation of law,” and by the second of which he was-charged with selling intoxicating liquors to a minor. To reverse his sentence be prosecutes this writ of error, and, among other assignments, alleges that the information is defective in this, that the first count, which is upon section 4 of the act to provide against the evils resulting from the sale of intoxicating liquors, is insufficient because it does not aver that the “room” where the liquors were sold was a place of public resort; and that the second count, which is upon section 2 of the act, is defective, because it is not averred that the seller knew the buyer was a minor. And to this count it is further objected that the complaint before the justice of the joeace, and upon which the plaintiff in error was recognized, was for a violation of section 4 of the act only.
The facts are as stated in these assignments; and as to the law, the first two objections are fully sustained by the decision in Miller’s case, 3 Ohio St. 475; and the last objection is supported by the judgment in Gates and Goodno’s case, 3 Ohio St. 293. From those decisions, pronounced after full argument and much consideration, we see no reason to depart, and consequently the judgment in this case must be reversed. *»
It may be proper however to add, lest the generality of the language used in Miller’s case might lead to misapprehension, that the fact that the place where the liquor was sold was a place of public resort, is sufficiently averred if it is described as either a tavern, eating-house, bazaar, restaurant, grocery, or *coffee-house, because each of these names is used in the act, and each of them does, ex vi termini, import a place of public resort. But it is otherwise if the place is merely called a “room;” for, although that name is also used in the act, it does not, ex vi termini, describe a place of public resort, and that it is so must be averred.

Judqment reversed.